UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREEFROG DEVELOPMENTS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NU-X VENTURES, LLC,<br><br>Defendant. | Case No.:  22-CV-225 TWR (MDD)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND STRIKE PORTIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>(ECF No. 30) |

Presently before the Court is Defendant Nu-X Ventures, LLC's Motion to Dismiss and Strike Portions of Plaintiff Treefrog Development, Inc.'s First Amended Complaint (ECF No. 30, "Mot."). The Court has also received and reviewed Plaintiff's Response in Opposition the Motion (ECF No. 32, "Opp'n") and Defendant's Reply in Support of the Motion (ECF No. 33, "Reply"). The Court held a hearing on the Motion on October 20, 2022. (*See* ECF No. 35.) Having carefully considered Plaintiff's First Amended Complaint (ECF No. 28, "FAC"), the Parties' arguments, and the relevant law, the Court **DENIES** Defendant's Motion.

/ / /

/ / /

/ / /

/ / /

1

1

## BACKGROUND

Plaintiff is a corporation that sells protective phone cases, (*see* FAC ¶¶ 1, 11), and Defendant is a limited liability company that sells nicotine pouches, (*see id.* ¶¶ 22, 32). Plaintiff maintains an office in San Diego, (*see id.* ¶ 1), and Defendant sells products in various retail locations throughout San Diego, (*see id.* ¶ 29).

In 2012, from its office in San Diego, Plaintiff adopted the mark "FRĒ" and subsequently obtained a trademark registration to use the FRĒ mark in connection with the sale of its phone products, including its LifeProof protective case. (*See id.* ¶¶ 10–12.) Plaintiff's LifeProof FRĒ products have been the subject of significant marketing and promotion, and LifeProof has the second-highest aided advertising awareness of all major protective phone case providers. (*See id.* ¶¶ 16–17.) The LifeProof FRĒ products have also received various industry recognitions and awards. (*See id.* ¶ 15.)

Defendant sells nicotine pouches online and in retail locations. (*See id.* ¶¶ 22, 29.) Defendant's products, website, and advertisements also contain an FRĒ mark. (*See id.* ¶¶ 22–26.) In response to Defendant's use of its FRĒ mark, Plaintiff initiated this action on February 18, 2022. (*See generally* ECF No. 1.) Plaintiff's operative First Amended Complaint contains six claims: (1) Trademark Infringement, 15 U.S.C. § 1114(a); (2) Unfair Competition and False Designation of Origin, 15 U.S.C. § 1125(a); (3) Dilution, 15 U.S.C. §§ 1125(c) *et seq.*; (4) Unfair Competition, Cal. Bus. & Prof. Code § 17200; (5) Common Law Trademark Infringement; and (6) Common Law Unfair Competition. (*See generally* FAC.)

Generally, Plaintiff's First Amended Complaint alleges that Defendant "adopted the FRĒ Mark in an intentional and willful effort to benefit from the consumer perception of Plaintiff's FRĒ Mark in the marketplace: That is, of a youthful, dynamic, healthy, and active lifestyle." (*See id.* ¶ 31.) Plaintiff asserts that Defendant adopted this mark "to mitigate, offset, or nullify the association of nicotine with tobacco, and to distance [Defendant's] product from any association with tobacco products' reputation for being unhealthy." (*See id.* ¶ 33.) Finally, Plaintiff claims that Defendant's actions caused

Plaintiff irreparable injury by associating Plaintiff's products with "nicotine and tobacco use, targeted to Plaintiff's young customers."  (*See id.* ¶ 36.)

On August 25, 2022, Defendant filed the instant Motion to Dismiss and Strike Portions of Plaintiff's First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f).  (*See generally* Mot.)

## LEGAL STANDARDS

### I.     Federal Rule of Civil Procedure 12(b)(6)

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).  "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'"  *Id.* at 1242 (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In other words, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "[W]here the

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Id.* at 679 (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'"  *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).  "A district court," however, "does not err in denying leave to amend where the amendment would be futile." *Id.* (citing *Reddy v. Litton Indus.*, 912 F.2d 291, 296 (9th Cir. 1990).

## II.   Federal Rule of Civil Procedure 12(f)

Federal Rule of Civil Procedure 12(f) provides courts with discretion to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "The function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)).

"Motions to strike," however, "are 'generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice.'" *Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015) (quoting *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001)).  Moreover, "motions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Colaprico v. Sun Microsys., Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991).  "When ruling on a motion to strike, the court 'must view the pleading under attack in the light most favorable to the pleader.'" *Id.* (citing *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005)).  Additionally,

"courts may not resolve disputed and substantial factual or legal issue[s] in deciding . . . a motion to strike." *Whittlestone,* 618 F.3d at 973.

"Unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings." *Roe v. City of San Diego*, 289 F.R.D. 604, 608 (S.D. Cal. 2013) (citing Fed. R. Civ. P. 15(a)(2)); *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979), *abrogated in part on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016).

## ANALYSIS

Defendant moves to dismiss Plaintiff's statutory and common law unfair competition claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* Mot. at 1.) In the alternative, Defendant moves to strike various paragraphs within the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(f).[1] (*See id.*)

## I. Failure to State a Claim Under Federal Rule of Civil Procedure 12(b)(6)

### A. *Unfair Competition (Cal. Bus. & Prof. Code § 17200)*

Defendant seeks dismissal of Plaintiff's unfair competition claim under California's Business and Professional Code (the "17200 claim") to the extent the claim is founded on allegations beyond trademark infringement. (*See* Mot. at 6.) California's Business and Professional Code defines unfair competition as "unlawful, unfair or fraudulent business act[s]." *See* Cal. Bus. & Prof. Code § 17200. Trademark infringement is unlawful, *see e.g.,* 15 U.S.C. § 1114, and therefore "[t]rademark infringement is an act of unfair competition," *Lebas Fashion Imports of USA, Inc. v. ITT Hartford Ins. Grp.*, 50 Cal. App. 4th 548, 564 (1996). Accordingly, Defendant "does not take issue with [Plaintiff's] pleading of trademark infringement supporting a 17200 claim," and instead argues that Plaintiff's 17200 claim should be dismissed because Plaintiff's additional allegations regarding the "evils of nicotine" do not provide *further* support for the claim. (Reply at 6.)

---

[1] Specifically, Defendant moves to strike all but the first sentence of paragraph 30, paragraphs 69–73, and paragraphs 75–81, as well as all related footnotes (the "challenged statements").

Dismissal is proper under Rule 12(b)(6) when a complaint either (1) "fails to state a cognizable legal theory" or (2) "fails to allege sufficient factual support for its legal theories." *See Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F3d 1156, 1159 (9th Cir. 2016). A Rule 12(b)(6) motion, however, may not be used to challenge specific factual allegations that support a claim rather than the claim itself. *See Thompson v. Paul*, 657 F. Supp. 2d 1113, 1129 (D. Ariz. 2009) (explaining that this type of challenge "must be brought pursuant to Rule 12(f)"). Here, Defendant challenges only specific allegations supporting Plaintiff's 17200 claim, asserting that various paragraphs supporting the claim "should be ordered deleted" pursuant to Rule 12(b)(6). (Mot. at 8.) This is an impermissible use of a Rule 12(b)(6) motion.

Furthermore, a court can only dismiss a claim pursuant to Rule 12(b)(6) if a party has challenged the claim "on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *see also Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 335 (9th Cir. 2015). Defendant, however, concedes that Plaintiff's 17200 claim is independently and adequately supported by the allegations of trademark infringement. (Reply at 6 ("[Defendant] does not take issue with the pleading of trademark infringement supporting a 17200 claim . . . .").) Because Defendant does not challenge Plaintiff's 17200 claim based on a dispositive legal issue, the Court **DENIES** Defendant's Motion to Dismiss Plaintiff's 17200 claim.

### B. *Common Law Unfair Competition*

Defendant also seeks dismissal of Plaintiff's common law unfair competition claim pursuant to Rule 12(b)(6). (Mot. at 4.) At common law, unfair competition requires a showing of (1) passing off one's goods as those of another or something analogous to it, and (2) competitive injury. *Bank of W. v. Super. Ct.*, 2 Cal. 4th 1254, 1263 (1992). Defendant argues that Plaintiff has failed to plead both passing off and competitive injury. (Mot. at 5.)

/ / /

/ / /

6

22-CV-225 TWR (MDD)

### 1.    *Passing Off or Analogous Acts*

The common law tort of unfair competition requires that the defendant engaged in an "act of 'passing off' one's goods as those of another" or "acts analogous to 'passing off,' such as the sale of confusingly similar products, by which a person exploits a competitor's reputation in the market." *Bank of W.*, 2 Cal. 4th at 1263; *see also Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1147 (9th Cir. 1997).  Defendant argues that Plaintiff has failed to state a claim for passing off because one "cannot plausibly allege that iPhone cases and nicotine pouches come from the same source or are similar (let alone confusingly similar) products."  (Mot. at 5.)  Plaintiff has not alleged that nicotine pouches and phone cases are confusingly similar products but has alleged that "consumers were and are likely to be confused or deceived as to the *source* of Defendant['s] goods."  (*See* FAC ¶ 93 (emphasis added)).  This allegation is supported by images of both Parties' FRĒ marks, demonstrating that Defendant's mark "is a near-perfect simulacrum of Plaintiff's logo." (*See* FAC ¶ 27.)  The Court therefore concludes that Plaintiff has stated a claim for passing off or analogous acts.

Passing off can occur in multiple ways.  A party can engage in passing off by, for example, labeling its goods or services with a mark identical to that of another or misrepresenting that its goods were produced by another.  *Smith v. Montoro*, 648 F.2d 602, 604 (9th Cir. 1981).  A plaintiff, therefore, can satisfy the passing off requirement by asserting that the defendant "exploited trade names or trade marks."  *Golden Eye Media USA, Inc. v. Trolley Bags UK Ltd.*, 525 F. Supp. 3d 1145, 1256 (S.D. Cal. 2021); *see also Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1153 (9th Cir. 2008). Accordingly, facts sufficient to support a trademark infringement claim can also satisfy the passing off requirement of a common law unfair competition claim.  *See Microsoft Corp. v. Buy More, Inc.*, 703 Fed. App'x 476, 479 (9th Cir. 2017) ("The analysis for [unfair competition under California common law] is therefore identical to the analysis for [Plaintiff's] trademark infringement claim."); *Vineyard House, LLC v. Constellation Brands U.S. Operations, Inc.*, 515 F. Supp. 3d 1061, 1081 (N.D. Cal. 2021).

Here, in addition to alleging unfair competition, Plaintiff also alleges common law and statutory trademark infringement. (*See* FAC ¶¶ 37–45, 83–89.) Both trademark infringement claims require Plaintiff to plausibly allege that Defendant's actions caused a likelihood of confusion amongst consumers, *see* 15 U.S.C. § 1114; *JUUL Labs, Inc. v. Chou*, 557 F. Supp. 3d 1041, 1054 (C.D. Cal. 2021), and Plaintiff does so, (FAC ¶¶ 41, 86 ("Defendants' acts . . . are likely to cause confusion, deception, or mistake that Defendants' goods are sold by or otherwise affiliated with TreeFrog . . . .")). Defendant does not challenge the sufficiency of the pleadings for either trademark infringement claim, (*see generally* Mot.), and instead challenges the principle that "a finding of likelihood of confusion under Plaintiff's trademark infringement claim also supports a finding of likelihood of confusion under Plaintiff's common law unfair competition claim," *see Hokto Kinoko Co. v. Concord Farms, Inc.*, 810 F. Supp. 2d 1013, 1032 (C.D. Cal. 2011).

Defendant relies on *Southland Sod Farms* to argue that a well-pled trademark infringement claim "is not sufficient to state a claim for common law unfair competition." (Reply at 3.) *Southland Sod Farms*, however, fails to offer any support for Defendant's assertion because that case did not involve a trademark infringement claim. *See* 108 F.3d at 1138. Thus, *Southland Sod Farms* does nothing to diminish "[t]he decisive test of common law unfair competition[:] whether the public is likely to be deceived about the source of goods or services by the defendant's conduct." *Hokto Kinoko Co.*, 810 F. Supp. 2d at 1032; *see also Walter v. Mattel, Inc.*, 210 F.3d 1108, 1111 (9th Cir. 2000). Throughout the First Amended Complaint, Plaintiff plausibly alleges that the public will be confused or deceived about the source of Defendant's goods. (*See e.g.,* FAC ¶¶ 41–42, 48–49, 66–67, 86, 91–93.) Therefore, Plaintiff has adequately pled passing off.

### 2. Competitive Injury

The common law tort of unfair competition also requires a showing of competitive injury, meaning the defendant must have "exploit[ed] a competitor's reputation in the market." *See Bank of the West*, 2 Cal. 4th at 1263 (requiring plaintiff to be a "competitor" rather than a "consumer"); *see also American Cyanamid Co. v. American Home Assurance*

8

*Co.*, 30 Cal. App. 4th 969, 977–78 (1994).  Accordingly, a plaintiff must allege that the defendant caused "injuries to business reputation and present and future sales." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 131 (2014).

Although Plaintiff competes in the phone product market and Defendant competes in the nicotine product market, "it does not appear necessary that the parties be in competitive businesses." *Acad. of Motion Picture Arts & Scis. v. Benson,* 15 Cal. 2d 685, 689, 691 (Cal. 1940).  Interfering with economic relationships or revenue enhancement activities can satisfy the competitive injury requirement even if the parties do not actually compete with one another.  *See N.H. Ins. Co. v. Foxfire, Inc.*, 820 F. Supp. 489, 495–96 & n.7 (N.D. Cal. 1993).  Here, Plaintiff asserts that Defendant's conduct damaged "the reputation of the LIFEPROOF and FRĒ brands and trademarks and harm[ed] [Plaintiff's] established goodwill in the marketplace."  (FAC ¶ 94.)  Plaintiff has therefore alleged sufficient injury to its status as a marketplace competitor to satisfy the competitive injury requirement.

Ultimately, Plaintiff has pled facts sufficient to support both passing off or analogous acts and competitive injury.  The Court therefore **DENIES** Defendants' Motion to dismiss Plaintiff's common law unfair competition claim.

## II. Striking Redundant, Immaterial, Impertinent, or Scandalous Matters Under Federal Rule of Civil Procedure 12(f)

Rule 12(f) provides that a court may strike any matter that is "redundant, immaterial, impertinent, or scandalous."  Fed. R. Civ. P. 12(f).  Pursuant to Rule 12(f), Defendant asks this Court to strike the challenged statements from Plaintiff's First Amended Complaint.  (Mot. at 8.)  According to Defendant, the First Amended Complaint contains "a dozen paragraphs and several footnotes . . . about the evils of nicotine, third parties wanting more regulation, the effect [of nicotine] on people to whom Defendant does not sell, and assertions of what Plaintiff characterizes as immoral, unethical, unscrupulous, and a risk to public health."  (*Id.* at 8–9.)  Defendant argues that these statements should be stricken because they are "immaterial, irrelevant, scandalous, and prejudicial."  (Reply at 5.)

Plaintiff disagrees, arguing that the statements should remain because they "inform the nature and gravity of Defendant's misconduct." (Opp'n at 15.)

### A. Materiality and Relevance

The Court must first determine whether the challenged statements are immaterial and irrelevant. *See* Fed. R. Civ. P. 12(f). Information in a complaint is immaterial if it has "no essential or important relationship to the claim for relief," and is irrelevant if it does not "pertain, and [is] not necessary, to the issues in question." *See Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1032 (C.D. Cal. 2002). "A court must deny the motion to strike if there is any doubt whether the allegations in the pleadings might be relevant in the action." *Oracle Am. Inc. v. Micron Tech., Inc.*, 817 F. Supp. 2d 1128, 1132 (N.D. Cal. 2011). Accordingly, a motion to strike should only be granted if the challenged statements clearly have "no possible bearing" on the litigation. *Colaprico,* 758 F. Supp. at 1339.

To determine whether the challenged statements have a possible bearing on the litigation, the Court first looks to the relevant claim for relief. All challenged statements, except those within paragraph 30, are part of Plaintiff's 17200 claim. (*See* FAC ¶¶ 69–73, 75–81.) This claim requires Plaintiff to allege that Defendant engaged in an "unlawful, unfair or fraudulent" business act that caused Plaintiff injury in fact and pecuniary loss. *See* Cal. Bus. & Prof. Code §§ 17200, 17204. Defendant first argues that the challenged statements are irrelevant because Plaintiff's 17200 claim is adequately supported by the allegations of trademark infringement. (*See* Reply at 6.) The sufficiency of an independent theory of liability, however, does not necessarily render an alternative theory of liability irrelevant; Plaintiff may prove its case as it sees fit. *Cf. Old Chief v. United States*, 519 U.S. 172, 189 (1997).

Defendant next argues that the challenged statements are irrelevant to Plaintiff's 17200 claim because they fail to show that Defendant engaged in any unlawful, unfair, or fraudulent conduct or that Plaintiff suffered any injury or loss. (*See* Mot. at 10–11.) To support this argument, Defendant asserts that selling nicotine "cannot be said to be unfair"

because it is "permitted by the legislature." (Reply at 7; *see also* Mot. at 10–11.) Defendant is mistaken. Lawful conduct can still be unfair if it "(1) offends public policy; (2) is immoral, unethical, oppressive, or unscrupulous; or (3) causes substantial injury to [the] consumer." *Colgate*, 402 F. Supp. 3d at 758.

The challenged statements, which address the negative effects of nicotine and its regulation by the government, support Plaintiff's argument that Defendant's conduct is "immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers," (*see* FAC ¶ 76), and therefore is unfair, *see Colgate*, 402 F. Supp. 3d at 758. One of the challenged statements, for example, alleges that "Defendant['s] unauthorized use of the FRĒ Mark is *oppressive* and *unscrupulous* because it seeks to lure [consumers] into addiction before they are mature enough to make an informed decision." (FAC ¶ 77 (emphasis added).) Another statement alleges that Defendant used Plaintiff's FRĒ mark to appeal to a "youthful demographic," (FAC ¶ 74), and that "[a]dvertisements for controlled substances directed to appeal to youths, who are unable to purchase the same, *offends public policy*," (FAC ¶ 75 (emphasis added)). The challenged statements are therefore relevant to Plaintiff's argument that Defendant's conduct is unfair under California's Business and Professional Code.

Plaintiff also argues that the challenged statements are "probative of the damages and harm" caused by Defendant's conduct. (Opp'n at 15.) To bring a 17200 claim, a plaintiff must have "suffered injury in fact" and "lost money or property." *See* Cal. Bus. & Prof. Code § 17204. Here, Plaintiff alleges that Defendant's actions caused Plaintiff to be affiliated "with the sale of nicotine or tobacco products and associated public health risks," thereby resulting in "irreparable injury" to Plaintiff's brand. (FAC ¶ 81.) The challenged statements, which describe the "detrimental effects of nicotine," (Mot. at 14), are therefore relevant to Plaintiff's claim that its affiliation with nicotine has caused it harm.

Ultimately, the Court cannot conclude that challenged statements are immaterial or irrelevant because they appear to support Plaintiff's allegations of unfair conduct and

11

resulting injury. The Court therefore declines to strike the challenged statements on the basis of relevance or materiality.

### B.    Scandal and Prejudice

Defendant also asserts that the challenged statements should be stricken because they are scandalous and prejudicial. (*See* Mot. at 11–12.) A scandalous statement "improperly casts a derogatory light on someone," *see Cortina*, 94 F. Supp. 3d at 1182 (S.D. Cal. 2015) (quoting *Aoki v. Benihana, Inc.*, 839 F. Supp. 2d 759, 764 (D. Del. 2012)), and a prejudicial statement "cause[s] the trier of fact to draw 'unwarranted' inferences at trial" or unnecessarily complicates the issues, *see Cal. Dep't of Toxic Substances Control*, 217 F. Supp. 2d at 1033; *see also LeDuc v. Ky. Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992) (stating that a court should only strike "unduly prejudicial" material).

Defendant argues that the challenged statements are scandalous because "[t]hey serve no purpose other than to portray Defendant in a bad light" and are prejudicial because they will force Defendant to spend time and money defending against statements "that are not facts or elements that support Plaintiff's claims." (Mot. at 11–12.) Specifically, Defendant asserts that the challenged statements will require it to refute the irrelevant allegation that it illegally sells nicotine products to underage individuals. (Mot. at 12.) Such an allegation, however, never appears in the First Amended Complaint.[2] (*See generally* FAC.) Instead, the Complaint alleges that Defendant adopted Plaintiff's FRĒ mark to market nicotine products to a youthful demographic. (*Id.* ¶¶ 80–81.) This allegation is relevant to Plaintiff's unfair competition claims, *see supra* Section II.A, and thus does not serve the sole purpose of portraying Defendant in a bad light or causing it to waste time and money, *see In re Gitto Glob. Corp.*, 422 F.3d 1, 12 (1st Cir. 2005) (explaining that the court will not strike an allegedly scandalous statement that is relevant).

---

[2] While Plaintiff does make this allegation in its Opposition, (*see* Opp'n at 14), the Court's review is limited to the allegations in Plaintiff's First Amended Complaint.

Although the challenged statements may offend Defendant, "[i]nappropriately hyperbolic allegations . . . and other similar manifestations of bad judgement in drafting pleadings, by themselves, fall short of the threshold that Rule 12(f) contemplates." *Saylavee LLC v. Hockler*, 228 F.R.D. 425, 426 (D. Conn. 2005). The Court therefore declines to strike the challenged statements on the basis of scandal or prejudice.

Finding the challenged statements to be neither immaterial, irrelevant, scandalous, or prejudicial, the Court **DENIES** Defendant's Motion to Strike the challenged statements at this time. Defendant **MAY**, however, elect to file a renewed Rule 12(f) Motion by the date that all Pretrial Disclosures shall be lodged with the undersigned if, following the close of Discovery, Defendant still believes the challenged statements should be stricken.

## CONCLUSION

In light of the foregoing, the Court **DENIES** Defendant's Motion to Dismiss and Strike Portions of First Amended Complaint (ECF No. 30). Defendant **SHALL RESPOND** to the First Amended Complaint in accordance with Federal Rule of Civil Procedure 12(a)(4)(A).

**IT IS SO ORDERED.**

Dated: November 17, 2022

Honorable Todd W. Robinson
United States District Judge

22-CV-225 TWR (MDD)